STATE OF MAINE                              SUPERIOR  COURT
PENOBSCOT, SS.                              BANGOR SC-CR-09-285


STATE OF MAINE

                                                    FILED & ENTERED
                                                    SUPERIOR COURT
           v.                    ORDER
                                                      JUL 1 6 2009

MICHAEL DOW                                         PENOBSCOT COUNTY


Hearing was held on the defendant's motion to suppress on June 24, 2009. The state was represented by counsel, Brendan Trainor, Esq., while the defendant was present and represented by counsel, Wayne Foote, Esq. in his motion, the defendant maintains that there was no reasonable articulable suspicion justifying the stop.

At approximately 1:00 a.m. on January 18, 2009, Cpl. Paul Gauvin of the Brewer Police Department was on patrol on South Main St. in Brewer and noticed that an oncoming pickup truck had no front plate. He turned around to follow the truck that he had seen enter the ramp that leads to a four lane bridge that spans the Penobscot River. The truck was traveling at an unremarkable speed and stayed on this limited access highway into Bangor. The sky was overcast with drizzle but no rain. Cpl. Gauvin, who did not initially turn on his blue lights, caught up with the truck and followed it from a distance of two car lengths (15 to 36 feet) for one to two minutes. The officer testified that he did not see a rear plate at this time and then turned on his blue lights and stopped the truck. He got out of his cruiser to approach the truck and on his way to the driver's side he noticed that in fact there was a rear plate located in the plate holder. It was a non-reflective temporary plate. The officer continued to the driver's side of the pick-up and asked the defendant for his license and insurance card, told the operator that he stopped him because he couldn't see the rear plate, and made observations and

gathered evidence that led to this operating under the influence prosecution. The truck was properly equipped with a rear plate light and there is no indication that it was not functioning properly on this night.

A law enforcement officer is justified in making an investigatory stop if, at the time of the stop, the officer has an articulable suspicion of criminal activity and the suspicion is objectively reasonable in the totality of the circumstances. *State v. Lear*, 1998 ME 273 ¶5, 722 A.2d 1266. The court must find that the officer actually entertained the suspicion and that the suspicion was reasonable under the circumstances. *State v. Dean*, 645 A.2d 634,635 (Me. 1992). Since the court does not doubt the officer's subjective reason for the stop, the remaining question is whether a reasonable police officer, in exactly the same circumstances, would have concluded that there was no rear plate on the defendant's pick-up truck, justifying the stop.[1]

Accepting that Cpl. Gauvin stopped the defendant's truck because he thought it didn't have a rear plate, the court has a difficult time in understanding how he failed to see it. Although the plate was not reflective, it was located in the plate holder and the plate light was functioning properly. By statute, 29A M.R.S.A. 1909, a registration lamp must be capable of illuminating the rear registration plate so that the characters are visible for a distance of at least 50' and the court finds that defendant's plate light complied with this requirement. Cpl. Gauvin testified that he followed the defendant from a distance of two car lengths for a considerable period of time and did not see the registration plate. The court can discern no reason why, if he were looking for it under the circumstances he described, the officer could not see it. The temporary plate,

---

[1] It could be argued that the officer could have stopped the defendant because of the absence of a front plate alone and that it was not necessary for him to confirm that there was no rear plate. The court is not addressing this argument because the officer's subjective belief that was the basis for the stop was that there was no rear plate.

admitted into evidence, appears to be of normal size and in reasonable condition. There is no indication that it was snowing or that the plate was covered with snow or any other substance. There is no explanation offered for the officer's inability to see something that he should have noticed from the distance behind the pickup that he was traveling. Based on this conclusion, the court finds that it was not objectively reasonable under the circumstances for Cpl. Gauvin to have stopped the defendant's pickup for having no rear plate. The defendant's motion to suppress is granted and all evidence seized as a result of the stop is suppressed.

The clerk is directed to incorporate this Order into the docket by reference.

Dated: July 14, 2009

WILLIAM ANDERSON
JUSTICE, SUPERIOR COURT

STATE OF MAINE VS. MICHAEL J. DOW

CR-2009-285

Attorney for the State

Brendan Trainor
Office of the District Attorney
97 Hammond St
Bangor ME  04401


Attorney for Defendant

Wayne Foote Esq
344 Mt. Hope Ave
Bangor  ME 04401